# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:11CV-P121-H

**ROBERT STUMBO**                                                      **PLAINTIFF**

**v.**

**DEPARTMENT OF CORRECTIONS**                           **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Robert Stumbo, a convicted inmate currently incarcerated in the Kentucky State Reformatory, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Department of Corrections ("DOC"), alleging, in toto, that the DOC "did not follow the judges sentens from Floyd County Case #06CR48 which caused Mr. Stumbo to be locked up beound his time violating his constitutional rights for false imprisonment." He seeks monetary and punitive damages and, as injunctive relief, to be released from prison.

When a prisoner, like Plaintiff, initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured

by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Here, Plaintiff fails to meet the second requirement.

The DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the DOC is not a "person" under § 1983, the Court will dismiss the claims against the DOC for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the DOC. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).[2] The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[2] *See also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity."); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Finally, to the extent Plaintiff seeks immediate or speedier release from custody, he must file a petition for writ of habeas corpus after exhaustion of available remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Should Plaintiff wish to file a habeas action, **the Clerk of Court is DIRECTED to send him a 28 U.S.C. § 2254 form** for his use.

For the reasons set forth more fully above, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005